**Robert E. DECESERE**

v.

**Frank A. THAYER.**

Supreme Judicial Court of Maine.

Argued Nov. 10, 1983.

Decided Dec. 7, 1983.

---

Stern & Goldsmith, Jerome B. Goldsmith (orally), Bangor, for plaintiff.

Vafiades, Brountas & Kominsky, Jeffrey L. Hjelm (orally), Lewis V. Vafiades, Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

McKUSICK, Chief Justice.

On May 18, 1980, appellant Robert Decesere, plaintiff below, was injured in a collision of his automobile with one driven by defendant Frank Thayer. Defendant admitted liability, and a jury trial held on March 14, 1983, in Superior Court (Penobscot County) solely on the issue of damages resulted in a verdict in plaintiff's favor in the amount of $9,000. That verdict reflected the damages that plaintiff sustained from the date of the accident until the time, some three months later, when he regained his full capacity to work. On appeal, plaintiff contends that the trial court erred in excluding evidence of additional damages that he claims he sustained as the result of his inability to find employment in the period after he regained his capacity to work. We deny the appeal.

Prior to trial, plaintiff's counsel made the following offer of proof to the presiding justice in chambers:

As the situation occurred, the plaintiff was employed September of 1979 as an industrial painter working on a job at the Georgia-Pacific Plant in Washington County. As a result of his injuries received in the accident of May, 1980, he'll testify that he did not have a work capacity for some three months, but that in the end of August, 1980, towards the end of it, he was able to go back and do the work he'd been doing at the time of his injury. He would testify that the job that he was working on continued for at least a year after he was injured and that he knows that from having worked on it and knows what the job entailed and other people who continued to work on it

who have been working with him, and that he would have been working on it at least until February of 1981. That as a matter of fact when he went back in an attempt to resume work at the end of August, 1980, his position—because he'd been out for three months—had been filled and there was no position on that job available for him, nor any other union job for which he attempted to sign up, and that his damages consequently flow from the date of the accident until he resumed work in mid-February, 1981, rather than what has been suggested by the defendant, only until he regained his work capacity the end of August, 1980.

The presiding justice made an *in limine* ruling that the proffered testimony by plaintiff Decesere was inadmissible. There was no error in that ruling.

 It is well settled that damages are not recoverable when uncertain, contingent, or speculative. Damages must be grounded on established positive facts or on evidence from which their existence and amount may be determined to a probability. They must not rest wholly on surmise and conjecture. *Michaud v. Steckino,* 390 A.2d 524, 530 (Me. 1978); *see also Wendward Corp. v. Group Design, Inc.,* 428 A.2d 57, 61 (Me.1981) (proof to a "reasonable certainty"). In the case at bar plaintiff's counsel sought to establish damages for the period after plaintiff had regained his work capacity solely through the testimony of plaintiff himself. An offer of proof "must not only detail the proposed testimony but must also support the admissibility of that testimony." *State v. Mahaney,* 437 A.2d 613, 616 (Me.1981). Under the circumstances of this case it was necessary for plaintiff to show through his offer of proof that he could by admissible evidence establish the claimed damages to the degree of certainty required by *Michaud v. Steckino.* If plaintiff's offer failed to meet that standard, the proffered testimony was properly excluded on the

grounds that it would mislead the jury or cause undue delay. M.R.Evid. 403.

■ Two principal flaws existed in plaintiff's offer of proof. The first concerns the crucial issue whether plaintiff would have remained employed through mid-February, 1981, when he found a new job, were it not for the injuries he sustained as a result of the accident. In order for plaintiff to recover for unemployment resulting from his injuries, it was necessary, at the very least, for him to establish that he would have stayed on the Georgia-Pacific job but for those injuries. In his offer of proof, plaintiff's counsel addressed this issue by stating:

> [Plaintiff] would testify that the job that he was working on continued for at least a year after he was injured and that he knows that from having worked on it and knows what the job entailed and other people who continued to work on it who have been working with him, and that he would have been working on it at least until February of 1981.

M.R.Evid. 602 provides in part that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter." Even if the offer of proof was sufficient to show plaintiff's competence to testify that the Georgia-Pacific job would have continued through February of 1981,[1] it is totally devoid of any showing that plaintiff had personal knowledge that *he* would have had a job there up until that time. At trial, plaintiff might have presented testimony by his foreman or employer to show that he would have remained employed during the period in question but for the accident. However, in ruling on an offer of proof, the presiding justice must consider the testimony actually offered, not testimony that hypothetically could have been offered.

In a second aspect, the offer of proof was deficient because the work search that plaintiff offered to prove for the period from the end of August, 1980, to February, 1981, failed to show that no work was available to him during that period that would match his work capacity. Plaintiff's counsel stated:

> [A]s a matter of fact when he went back in an attempt to resume work at the end of August, 1980, his position—because he'd been out for three months—had been filled and there was no position on that job available for him, nor on any other union job *for which he attempted to sign up* . . . .

(Emphasis added) The offered testimony would indicate only that plaintiff was unsuccessful in obtaining such union jobs as he actually sought. There is no indication that plaintiff made a reasonable and good faith effort throughout his community to find work commensurate with his work capacity. While plaintiff may have been able to testify in greater detail at trial as to his job search, the presiding justice must make his ruling on the offer of proof itself, which "must ... detail the proposed testimony." *State v. Mahaney,* 437 A.2d at 616.

■ Given the inadequacies in plaintiff's offer of proof, the presiding justice committed no abuse of discretion in excluding evidence of damages that plaintiff allegedly sustained after he admittedly had regained his work capacity by the end of August, 1980.[2]

---

1. From the offer of proof it would appear that plaintiff's knowledge that the Georgia-Pacific job would have continued through mid-February of 1981 was based on his "having worked on it" and on the out-of-court statements of others "who continued to work on it." We have indicated by way of dicta that a witness is incompetent to testify as to knowledge that is based exclusively on the hearsay statements of others. *State v. Porter,* 404 A.2d 590, 597 n. 11 (Me.1979). Plaintiff's experience on the job prior to the accident is a questionable foundation for his testimony as to the duration of the job after he left.

2. Our decisions have traditionally permitted recovery in personal injury cases for loss of earning capacity. *See Kaler v. Webster,* 348 A.2d 702, 703 (Me.1975); *Goldstein v. Sklar,* 216 A.2d 298, 308–09 (Me.1966). Because the presiding justice excluded the offered testimony on evidentiary grounds, he did not address the substantive question whether a personal injury

The entry is:

Judgment affirmed.

All concurring.

victim can recover for loss of wages caused by his injury for a period after he regains his full work capacity. Because we affirm the Superi-

or Court's evidentiary ruling, we likewise have no occasion to reach that question.