**TOWN OF FALMOUTH**

v.

**Joseph L. LONG, et al.**

Supreme Judicial Court of Maine.

Argued May 31, 1990.

Decided July 25, 1990.

William Plouffe (orally), Barbara Krause, Drummond, Woodsum, Plimpton & MacMahon, Portland, for plaintiff.

William D. Robitzek (orally), Berman, Simmons & Goldberg, Auburn, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

ROBERTS, Justice.

Joseph L. and Carole Long (Long), appeal from the summary judgment entered in the Superior Court (Cumberland County, *Fritzsche, J.*) in the zoning enforcement action of the Town of Falmouth. Long also challenges the court's (*Brennan, J.*) imposition of a $3,000 fine for his zoning violation, its failure to provide Long with a jury trial, and its award of attorney fees to the Town. We modify the judgment of the Superior Court and, as so modified, affirm.

## I. Facts

In 1971, Long purchased real estate in the Town of Falmouth, for the purpose of establishing a dental practice and a residence on the premises. Long did so and has gradually expanded his practice so that from 1972 to the present, he has employed more than three persons unrelated to him.[1] On January 30, 1987, the Town wrote Long, informing him that his dental practice was in violation of several of the Town's zoning ordinances including the ordinance governing "Home Occupations" (the "ordinance") which permits the property owner to employ a maximum of three unrelated persons.[2] The Town then commenced an action against Long requesting an order of abatement, attorney fees and the assessment of a civil penalty. In his answer, Long raised several defenses including (1) that the property was a lawful, nonconforming use; (2) that the dental practice was not a "Home Occupation" but was instead a "Dental Clinic" and/or "Dental Hospital" and/or "Health Institution;" and (3) estoppel and laches.

Both Long and the Town subsequently moved for summary judgment. By an order and decision dated August 26, 1988, the court denied Long's motion, granted the Town's motion, and ordered that "[e]ffective in 180 days the defendants are restrained and enjoined from operating or allowing to be operated their dental practice ... if it employs more than three people who are not members of the defendants' immediate family." The court further ordered the matter to be placed on the civil non-jury list for hearing of the civil penalty, attorney fees and costs issues. On September 28, 1989, after a non-jury hearing, the Superior Court imposed a fine of $3,000 on Long as a civil penalty for his violation of the Town's ordinance in the years 1987, 1988 and 1989. In addition, the court ordered Long to pay all of the Town's court costs pursuant to 14 M.R.S.A. §§ 1502–B & 1502–C (Supp.1989) as well as $15,508.42, representing one half of the attorney fees incurred by the Town to prosecute the enforcement action. We address each of Long's challenges on appeal separately.

## II. Defenses

Long contends that the court erred in granting summary judgment to the Town on his estoppel, laches, and legality of use arguments. He also argues that the court's order of abatement was an inappropriate remedy in a grant of summary judgment. The essence of Long's arguments on these points is that the court erred in failing to find that the Town's alleged misrepresentations regarding the legality of Long's use [3] and its delay in seeking abate-

1. At the time of the Town's initiation of the enforcement action, Long employed in his dental practice approximately 10 employees unrelated to him.

2. The Superior Court found that "[a]t all times from 1965 to the present, [the Long property] was in a residential zone A which permitted small scale home occupations." Although the Falmouth Zoning Code does not specifically define the term "Home Occupations," section 7.17 of its Zoning and Site Plan Review Ordinance authorizes the following uses in a residential district A:

> ... Also offices of a doctor, dentist, lawyer ... and further provided that such offices in a

> dwelling shall be operated only by a resident occupant of said dwelling and provided that not more than three persons other than the operator may be employed at any such office when in a home.

Section 7.17, with minor revisions not relevant here, has been in effect from March 10, 1965 to the present, thereby embracing the entire period of Long's dental practice at the property in question.

3. Long's argument is based on statements allegedly made by Town officials in connection with his 1976 request for a building permit to add to the residential portion of his building and a 1983 request for an exception to allow him to

ment generated genuine issues of material fact that could only be resolved by an evidentiary hearing on the merits. In an appeal from a grant of summary judgment, we review the record in the light most favorable to the party against whom judgment has been granted and review the Superior Court's conclusions for errors of law. *Philbrook v. Gates Formed–Fibre Products, Inc.,* 536 A.2d 1118, 1119 (Me. 1988). In doing so, we find no merit in any of Long's challenges to the court's grant of summary judgment.

■ Addressing Long's estoppel argument first, we note that "[p]roper application of the doctrine of equitable estoppel rests on the factual determination that 'declaration or acts relied upon must have reasonably induced the party seeking to enforce the estoppel to do what resulted to his detriment, and what he would not otherwise have done.'" *Shackford & Gooch, Inc. v. Town of Kennebunk,* 486 A.2d 102, 105–06 (Me.1984) (quoting *Martin v. Prudential Ins. Co.,* 389 A.2d 28, 31 (Me. 1978)).[4] In the instant case, these requirements simply have not been met. Long points to no statements by Town officials inducing him to hire the additional employees that gave rise to this enforcement action. Instead, each of the alleged misrepresentations made by Town officials concern other, unrelated aspects of Long's use. Moreover, Long does nothing to bolster his argument by citing statements made by his attorney, contractor and realtor that led him to believe his contemplated use conformed with Town ordinances. Those statements are irrelevant to an equitable estoppel defense against a municipality. *See Hall v. Board of Environmental Protection,* 498 A.2d 260, 267 (Me. 1985), *appeal after remand* 528 A.2d 453 (Me.1987) (although equitable estoppel may be invoked against a governmental entity

in appropriate circumstances, there must be a valid reason to believe that the person making the relied upon statements has authority to represent government's position). We therefore find that the court did not err in granting summary judgment to the Town on the equitable estoppel issue.

■ We also find no merit in Long's contention that the doctrine of laches bars the Town from enforcing its zoning ordinance. Laches is an omission to assert a right for an unreasonable and unexplained period of time under circumstances prejudicial to the adverse party. *A.H. Benoit & Co. v. Johnson,* 160 Me. 201, 207, 202 A.2d 1, 5 (1964); *See also Johnson v. Town of Dedham,* 490 A.2d 1187, 1189 (Me.1985). "[T]he decision of the court upon the question of laches is so much a matter of discretion, dependent upon the facts in the case, that it should not be disturbed on appeal ... unless clearly shown to be wrong." *Kelley v. Brotherhood of R.R. Trainmen,* 148 Me. 95, 99–100, 90 A.2d 717, 720 (1952). Maine has not, as yet, adopted laches as an affirmative defense to prevent a governmental authority from enforcing its zoning regulations. One commentator suggests that such a defense is rarely successful:

> Delay which might forfeit a private person's right to have a zoning violation enjoined does not affect a similar right in a municipality. Thus, a municipality may maintain an action to enjoin [a] violation of a zoning ordinance although the violation has existed more than 20 years without any objection being expressed by municipal officials.

R. Anderson, *American Law of Zoning* § 29.15 at 683–84 (3d ed.1986) (citations omitted). Long's zoning violation was a continuing violation of the type that would not immediately come to the attention of the Town. We agree with the trial court

---

build a garage, mudroom and extra parking spaces. According to Long, in the course of granting these requests, various Town officials characterized his use of the property in question as "lawful." We note, however, that the Town did not even discuss the number of employees employed by Long much less offer assurances

that that number complied with zoning ordinances.

**4.** In appropriate circumstances, equitable estoppel may bar a municipality from enforcing a zoning ordinance. *See City of Auburn v. Desgrosseilliers,* 578 A.2d 712 (Me.1990).

that, in these circumstances, laches does not bar the Town from seeking enforcement of its zoning ordinance. We also find that Long did not generate any factual issue directed at the court's exercise of discretion. We therefore hold that there was no error in the court's granting of summary judgment to the Town on this issue.

■ We are similarly unpersuaded by Long's argument that the court erred in granting summary judgment to the Town on the issue of the legality of his use. Despite the fact that his dental practice was located in his residence, Long argues that his use of the property in question more closely resembled a "Clinic," "Institution," or "Hospital" than it does a "Home Occupation" and asserts that only a full hearing on the merits would enable him to present this argument. In his motion for summary judgment and in his answer to the Town's motion, Long fully presents this same argument and little would be gained by allowing him to present it a second time. The interpretation of provisions in a zoning ordinance is a question of law for the court and contested language must be construed reasonably and with regard to both the specific object and the structure of the ordinance generally. *See Ray v. Town of Camden,* 533 A.2d 912, 914 (Me.1987). In these circumstances, the court had no other reasonable alternative but to classify Long's use as a "Home Occupation." Moreover, such an interpretation is in harmony with the ordinance's intent to limit commercial activity in residential areas.[5] Accordingly, we find no error in the court's decision to dispose of this issue on summary judgment.

■ As for Long's contention that the court erred in ordering abatement of his zoning violation on a summary judgment motion, we find *Inhabitants of the Town of Boothbay Harbor v. Russell,* 410 A.2d 554 (Me.1980) controlling. There, we found summary judgment appropriate in an abatement action when (1) there is no genuine issue of material fact bearing either on the underlying violation or on the equities to be taken into account by the court in deciding whether to issue an injunction and when (2) the landowner challenging the relevant regulations was afforded a full opportunity to present affidavits and legal arguments. *Russell,* 410 A.2d at 557–58. We find that both of these criteria have been satisfied in the present case and thus find no error in the court's decision to order abatement in conjunction with its grant of summary judgment to the Town.

### III. Jury Trial

■ Long contends that the court erroneously deprived him of a jury trial on the civil penalty issue in contravention of article I, section 20 of the Maine Constitution [6], citing our decision in *City of Portland v. DePaolo,* 531 A.2d 669 (Me.1987) *appeal after remand,* 567 A.2d 78 (Me.1989). In reviewing the nature of the proceedings to determine whether a jury trial is required, we note that the gravamen of the Town's complaint was a request for injunctive relief and that the inclusion of a request for the imposition of a civil penalty was merely ancillary. The Maine Constitution provides a right to a jury trial for legal but not equitable claims. *See King v. King,* 507 A.2d 1057, 1059 (Me.1986) (quoting *Cyr v. Cote,* 396 A.2d 1013, 1016 (Me.1979)). We have consistently held that the determination of remedies for zoning violations is an exercise of the court's equitable powers. *See Town of Shapleigh v. Shikles,* 427 A.2d 460, 464 (Me.1981). The mere inclusion of an ancillary request for a civil pen-

---

5. Section 5.21(a) of the Falmouth Zoning Ordinance and Land Subdivision states that "[t]he purpose of the Home Occupations provision is to permit the conduct of only those businesses which are reasonably compatible with the residential districts in which they are located. Home occupations are limited to those uses which may be conducted within a residential dwelling without substantially changing the appearance or condition of the residence or accessory structures."

6. Maine's Constitution provides in relevant part: In all civil suits, and in all controversies concerning property, the parties shall have a right to a trial by jury, except in cases where it has heretofore been otherwise practiced.... Me. Const. art. 1, § 20.

alty does not convert an equitable proceeding into an action at law. *Cf. In re Martin Baker Well Drilling, Inc.*, 36 B.R. 154, 156 (Bankr.D.Me.1984) (equitable claim will not be magically converted into a legal claim for purposes of jury trial by mere addition of claim in the alternative for money damages). Moreover, contrary to Long's assertion, our decision in *City of Portland v. DePaolo* does not recognize a uniform right to a jury trial whenever a civil penalty may be imposed. In *DePaolo*, the *only* issue before the court was whether to impose a civil penalty for violations of the city's antipornography ordinance. Determining that Maine's Constitution afforded the defendants the right to a jury trial in that case, we nevertheless narrowed our holding to civil actions "exclusively seeking a money recovery." *DePaolo*, 531 A.2d at 671. The Town in the instant case does not "exclusively seek a money recovery." Instead, it primarily pursues injunctive relief and requests the imposition of a civil penalty only as a secondary measure. This distinguishes the case at bar from *DePaolo* and leads us to conclude that the court properly considered this enforcement action as equitable in nature and therefore committed no error in denying Long a jury trial on the civil penalty issue.

## IV. Attorney Fees

■ Long also argues that the court erred in awarding attorney fees and costs to the Town pursuant to 30–A M.R.S.A. § 4452(3)(D) (Pamp.1989) [7] and 14 M.R.S.A. §§ 1502–B & 1502–C (Supp.1989) because special circumstances render such an

---

**7.** Section 4452(3)(D) provides in relevant part:
  If the municipality is the prevailing party, it shall be awarded reasonable attorney fees, expert witness fees and costs, unless the court finds that special circumstances make the award of these fees and costs unjust.

**8.** Long enumerates these special circumstances as follows:
  (1) The Town's delay in commencing the enforcement action;
  (2) The Town's alleged statements that Long's use of the property was "lawful";
  (3) The financial impact of the order of abatement on Long's dental practice; and

award unjust.[8] The awarding of attorney fees in a zoning enforcement action rests in the court's sound discretion, exercised in light of the facts of the particular case. *Baker v. Town of Woolwich*, 517 A.2d 64, 70 (Me.1987). The court's factual findings are final unless they are demonstrated to be clearly erroneous. *Poussard v. Commercial Credit Plan, Inc. of Lewiston*, 479 A.2d 881, 884 (Me.1984).

The record before us reveals that the trial court accepted as facts Long's special circumstances and considered those circumstances in awarding the Town only half of its attorney fees, stating that it was making this "allocation ... in light of [the] severe economic impact on the practice and in view of the Town's contribution to the problem ..." We find no abuse of discretion in this allocation and thus affirm the court's award of attorney fees and costs.

As for attorney fees incurred by the Town to defend this appeal, we remand for an assessment of fees in accordance with the trial court's allocation, specifically for an award to the Town of one half the attorney fees reasonably incurred by it in responding to Long's appeal. We do so in recognition of the fact that Long's appeal in this case is not frivolous and in cognizance of the special circumstances which the trial court found mandated such an allocation.

## V. Civil Penalty

The only remaining issue that requires brief mention is Long's contention that under 30–A M.R.S.A. § 4452(3)(B) (Pamp. 1989),[9] the maximum civil penalty allowed

---

  (4) The court's determination that Long acted in good faith litigating claims that were not frivolous.

**9.** 30–A M.R.S.A. § 4452(3)(B) (Pamph.1989) provides:
  The minimum penalty for a specific violation is $100, and the maximum penalty is $2,500. In 1987, the Legislature made minor revisions to subsection 3 of 30 M.R.S.A. § 4966 and renumbered it as 30–A M.R.S.A. § 4506. P.L. 1987, ch. 318, § 2 (effective Sept. 29, 1987); P.L.1987, ch. 737, pt. A, §§ 1, 2 (effective March 1, 1989). The Legislature repealed 30–A M.R.S.A. § 4506 and enacted essentially the same language in 30–A M.R.S.A. § 4452. P.L.1989, ch. 104, §§ A, 46 and C, 10.

by statute for violations of zoning ordinances is $2,500 and thus the court's imposition of a $3,000 fine was erroneous as a matter of law. Because we agree with Long that the penalty exceeds the statutory maximum amount, we modify the judgment accordingly.

The entry is:

Judgment modified to reflect a civil penalty of $2,500 and, as modified, affirmed.

Remanded for award of one-half the attorney fees reasonably incurred by the Town on appeal.

All concurring.