STATE OF MAINE                          DISTRICT COURT
PENOBSCOT, SS.                          BANGOR
                                        DOCKET NO. CV-05-330

                                        LH PEN-1/31/06

Town of Clifton,
    Plaintiff


                v.                      Decision and Judgment

FILED & ENTERED
SUPERIOR COURT

FEB 0 1 2006

PENOBSCOT COUNTY

Randa Koczera,
    Defendant


        Hearing on the rule 80K land use complaint was held on December 7, 2005. The

parties were present with counsel. Following the trial, the parties filed written argument,

which the court has considered in conjunction with the evidence. For the reasons stated

below, the court will enter judgment for the Town.

        The parties have presented argument on the question of whether the availability of

the relief sought by the Town is affected by the absence, as a party-defendant, of Robert

Koczera, who is a joint owner of the property that is the subject of this litigation.

Although this issue was raised at a pretrial conference, neither party moved to join Mr.

Koczera as a party to this action. The defendant herself had ongoing contacts with

municipal officials as this matter made its way through the municipal process. However,

the record also reveals that Mr. Koczera also was actively involved with the Town. As a

legal matter, he clearly *could* be a party-defendant because of his interest in the property,

and there is nothing to indicate that he was inhibited from doing so. Indeed, he is

represented jointly with the defendant by common counsel. *See* defendant's exhibit 10.

Beyond this, the court concludes that his absence as a party in this case is not a bar to

relief that is otherwise available to the Town.

        This conclusion is supported by the statutory provision that forms the basis for the

Town's claim against the defendant at bar. Title 30-A M.R.S.A. § 4452(3) enumerates

the categories of remedies that the court is authorized to impose when a municipality

establishes a violation of land use laws. These remedies include monetary penalties and

1

injunctive relief, such as an order to correct or abate the condition that is found to be violative of applicable land use laws. Pursuant to section 4452(2), any such relief may be ordered against "[a]ny person, including, but not limited to, a landowner, the landowner's agent or a contractor. . . ." Thus, a person with an ownership interest in the subject property may be named as a respondent in a land use proceeding, but joinder of any such person is not required statutorily.

Joinder is not required by M.R.Civ.P. 19(a). Because the evidence suggests that the defendant has an undivided interest in the property, her participation alone is sufficient to allow the issuance of an order of complete relief. The requirement of rule 19(a)(1) is thereby satisfied. Further, the evidence also reveals that Mr. Koczera's interests are wholly aligned with those of the defendant, as shown by his active participation when the administrative process was developing and their common legal representation. Through the attorney who represents them both, the defendant does not suggest here that his joinder is required under rule 19(a)(2) to allow him to protect some interest that is not already raised.

Under these circumstances, the court concludes that Maine law affirmatively authorizes the court to adjudicate this claim that the Town pursues against only one property owner and that the rules of court governing this action do not require joinder of the other property owner.

The defendant owns improved waterfront land in Clifton. She and Mr. Koczera were granted a permit to move a legally existing non-conforming residential structure from one location on the parcel to another where they had constructed a foundation. They also were granted a permit to construct a detached garage. Although it was not covered by the application or the building permit, the defendant also constructed a deck that was attached to the side of the residence and that continued in an L-shape into a space between the residence and the new garage. In its remaining allegation,[1] the Town claims that the deck violates the applicable land use ordinance.

---

[1] After the close of the Town's case-in-chief, the court granted the defendant's motion for judgment as a matter of law on a second claim, that the defendant built the garage with a second floor that violated the Town's ordinance because of the additional resulting floorspace in that building.

As it applies to the defendant's land, the Town's ordinances allow a property owner to expand a legally existing non-conforming residential structure that is located within 75 feet of the normal high-water line of a water body, as long as "the maximum combined total floor for all structure[s] is 1,000 square feet. . . ." SHORELAND ZONING ORDINANCE FOR THE MUNICIPALITY OF CLIFTON [MAINE] ("Ordinance"), § 12(C)(1)(A)(iii). Additionally, for all structures located within 100 feet of the normal high-water line of a water body, the combined total floor area for all structures may not exceed 1,500 square feet. *Id.*, § 12(C)(1)(A)(iv). The square footage of the defendant's residence is 925 square feet. Although the defendant contests the point, the court finds that the residence in its new location is entirely within 75 feet of the normal high-water line for Chemo Pond. The court bases this finding on the site inspection conducted by municipal officials when they assisted the defendant in establishing where on the parcel the new garage could be located. During the site visits, the Town representatives carefully located the portion of the parcel with reference to the water where the garage could be located so that it would not violate the provisions of section 12(C)(1)(A)(iii). Next, the garage is 525 square feet. The garage is situated more than 75 but less than 100 feet from Chemo Pond's normal high-water line. This means that the two structures themselves consume the maximum amount of square footage that the ordinance allows within 100 feet of the normal high-water line.

Notwithstanding this legislative limitation and the absence of any permit to do so, the defendant built a deck on the side of the residence. The deck is approximately 6 feet wide, and it runs the length of the building, which is 37 feet. The deck also follows the corner of the house and runs between the back of the house and the garage. The dimensions of that part of the deck are 7 feet by 25 feet. Thus, even without considering the corner of the deck that is formed where these two sections meet, these areas of the deck are nearly 400 square feet. A deck is defined as a "structure," Ordinance, § 17, and the size of a deck is therefore included in calculations of square footage.

From this, it is manifest that the decks exceed the maximum square footage that the defendant's structures may occupy. They therefore constitute violations of the Town's land use ordinance.

3

As remedies, the court orders that within 30 days of the date this order becomes final, the defendant shall remove the offending decks.

The court also imposes a civil penalty of $1,500. Although the offending structure is not as invasive and damaging as other types of construction, the violation occurred in an ecologically sensitive area that is deserving of particular protections. Thus, in the court's view, the penalty is best suited in the mid-range of penalties that are available.[2]

The Town is also entitled to recover its legal expenses allowable under section 4452(3)(D). No later than February 10, 2006, the Town may submit an affidavit and other material in support of its claim for attorney's fees and expenses. The defendant may submit a response no later than February 17, 2006, and the Town may file a final reply by February 22, 2006. As part of its consideration of the attorney's fees issue generally, the court will then rule on the Town's request for reimbursement of expert-related expenses.

So long as the attorney's fees issue remains pending, this order shall not be deemed a final judgment. It shall become a final judgment after an order on attorney's fees is issued.

The entry shall be:

For the foregoing reasons, judgment is entered for the plaintiff. Within 30 days of the date this judgment becomes final, the defendant shall remove the decks found herein to constitute a violation of the Town's land use ordinance.

The defendant shall pay a civil penalty of $1,500.

The Town's claim for attorney's fees shall be addressed in the way prescribed in this order.

---

[2] The court construes the civil penalty provision of section 4451(3) as one that at least does not require a daily assessment. The Town relies on *Town of Orono v. LaPointe*, 1997 ME 185, 698 A.2d 1059, to support its contention that the fine should be assessed for each day of the violation. The defendant here correctly points out, however, that the statutory language at issue in *LaPointe* is materially different from the provision that governs this case. Caselaw applying the language applicable here indicates that a single penalty shall be imposed within the maximum established by section 4452. *See, e.g., Town of Falmouth v. Long*, 578 A.2d 1168, 1172-73 (Me. 1990).

4

Dated: January 31, 2006

_____

Justice, Maine Superior Court sitting
in Maine District Court
Jeffrey L. Hjelm

02/03/2006         MAINE JUDICIAL INFORMATION SYSTEM        ksmith
                    BANGOR DISTRICT COURT                  mjxxi013
                    PAGE A - ATTORNEY BY CASE VIEW
TOWN OF CLIFTON VS RANDA KOCZERA
UTN:AOCSsr  -2005-0060033                CASE #:BANDC-CV-2005-00330

---------------------------------------------------------------------

SEL VD                      REPRESENTATION TYPE     DATE
01 0000003904 ATTORNEY:BEAROR, EDMOND
ADDR:84 HARLOW ST PO BOX 1401 BANGOR ME 04402-1401
    F FOR:RANDA KOCZERA                DEF        RTND   07/01/2005


02 0000008463 ATTORNEY:SZEWCZYK, DAVID F
ADDR:ONE CUMBERLAND PLACE, STE 314  BANGOR ME 04401
    F FOR:TOWN OF CLIFTON              PL        RTND   06/21/2005




          Enter Option: A=Add, B+Sel=Browse, M=More, R+Sel=RltnEdit:

Select the EXIT KEY for page selection line.