## JOHNSON'S CASE.

In all criminal prosecutions, an appeal lies from the sentence of a Justice of the peace, who tries without a jury, to the Circuit Court of Common Pleas, where a trial by jury may be had ; by necessary construction of the *Constitution of Maine, art.* 1. *sec.* 6.

*Johnson* being brought into Court upon a writ of *habeas corpus* sent to the prison keeper of the county of *Cumberland,* it appeared by the officer's return that he had been prosecuted before a Justice of the peace, under *Stat.* 1793. *ch.* 59. *sec.* 8. for keeping a house of ill-fame, and sentenced to imprisonment in the common gaol as a house of correction, for a term which was not yet expired.

*Bray,* for the prisoner, shewed a copy of the Justice's record, by which it appeared that, *Johnson* on being sentenced by the Justice, had claimed an appeal to the Circuit Court of Common Pleas, tendered the fees, and offered sufficient sureties for the prosecution of his appeal :—but the Justice, considering that no appeal would lie in a summary proceeding of this kind, refused the application.

*Per curiam.* By the law of *Massachusetts, Stat.* 1783. *ch.* 51. an appeal was granted, in all criminal cases, from the sentence of a Justice of the peace. This right has been abridged in some instances, by particular statutes ;—but in all other cases has been understood to exist in full force.

The right, however, in this State, is placed on a more durable basis than the pleasure of the legislature. The Constitution of *Maine, art.* 1. *sec.* 6. declares that " in all criminal prosecutions the accused shall have a right —— to have a speedy, public, and impartial trial, and, except in trials by martial law or impeachment, by *a jury of the vicinity.*" In order to give effect to this provision, the accused must, of necessity, be entitled to an appeal from the sentence of a Justice of the peace, who tries without the intervention of a jury, to the Circuit Court of Common Pleas, where a trial by jury may be had.

The present case being a criminal prosecution, and not within the exception in the Constitution, is of course within the rule :

—and the prisoner must be discharged, on entering into such recognizance before the magistrate, as he would have entered into for the prosecution of his appeal had it been allowed.