**CITY OF PORTLAND**

v.

**Vincenzo DePAOLO, d/b/a The Treasure Chest and Charles F. Graten.**

Supreme Judicial Court of Maine.

Argued April 28, 1987.
Decided Oct. 1, 1987.

Susan Lutton (orally), Charles A. Lane, David Laurie, Portland, for plaintiff.

E. James Burke (orally), Whalen & Burke, Lewiston, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS,* WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

GLASSMAN, Justice.

Defendants Vincenzo DePaolo and Charles F. Graten, the owner and employee respectively of an adult bookstore, appeal from the affirmance by the Superior Court (Cumberland County) of two judgments[1] of the District Court (Portland) assessing civil penalties against the defendants for selling obscene magazines to undercover Portland police officers in violation of the City of Portland anti-pornography ordinance.[2]

---

* Roberts, J., sat at oral argument and participated in the initial conference, but did not participate in the final decision.

1. The Superior Court granted the defendants' motion to consolidate the two cases for further hearing.

2. The ordinance can be found in the Portland City Code art. IV §§ 17–61 to 17–63 (1982) and

The City began proceedings against DePaolo and Graten by issuing to each a "Citation For Civil Violation" pursuant to M.D.C.Civ.R. 80H.[3] That rule precludes a defendant from electing a jury trial by prohibiting removal to the Superior Court of cases brought under it (M.D.C.Civ.R. 80H(g)), and by providing that appeals may address only questions of law. M.D.C. Civ.R. 80H(j); M.D.C.Civ.R. 73(a).

In this appeal defendants contend that they were impermissibly denied their right to the jury trial they had requested and also challenge the sufficiency of the evidence supporting the District Court judgments. Because we hold that article I, section 20 of the Maine Constitution guaranteed to the defendants the right to a jury trial and that the application of M.D.C. Civ.R. 80H and M.D.C.Civ.R. 73(a) impermissibly deprived defendants of that constitutional right, we do not reach the issue of the sufficiency of the evidence. Rather, we vacate the judgments of the District Court and remand to the Superior Court to allow the defendants to exercise their right to be tried by a jury.

■■■■ We stated in *City of Portland v. Jacobsky*, 496 A.2d 646, 648 (Me.1985), that "violations of this ordinance are civil in nature." *See also* 17–A M.R.S.A. § 4–B(1) (Supp.1986) ("All civil violations are expressly declared not to be criminal offenses."). Accordingly, we confine our analysis of the jury trial issue at the constitutional level to article I, section 20 of the Maine Constitution, that provides in pertinent part:

> In *all civil suits* ... the parties *shall* have a right to a trial by jury, except in cases where it has heretofore been otherwise practiced....

(Emphasis added). The unmistakable import of that language obviates resort either to nice semantic distinctions or to wooden interpretative principles. In language plain and broad article I, section 20 guarantees to parties in all civil suits the right to a jury trial, except where by the common law and Massachusetts statutory law that existed prior to the adoption of the Maine Constitution in 1820 such cases were decided without a jury. *See Portland Pipe Line Corp. v. Environmental Improvement Commission et al.*, 307 A.2d 1, 28 (Me.), *appeal dismissed*, 414 U.S. 1035, 94 S.Ct. 532, 38 L.Ed.2d 326 (1973); *Farnsworth v. Whiting*, 106 Me. 430, 76 A. 909 (1910); *Kennebec Water District v. Waterville*, 96 Me. 234, 246–251, 52 A. 774, 779–781 (1902).

■ In view of the broad constitutional guarantee of the right to a jury trial in all civil cases, the dispositive question in the instant case is whether the exception stated in section 20 applies to the instant case. We hold that it does not. Nothing in either the common law or in the statutory law of Massachusetts as they existed prior to the adoption of the Maine Constitution in 1820 indicates that defendants in a case such as the instant one would have been denied the right to a jury trial.[4] The constitutional imperative—"In all civil suits ... the parties shall have a right to a trial by jury"— squarely governs this case.

is set forth in pertinent part in *City of Portland v. Jacobsky*, 496 A.2d 646, 648 n. 1 (Me.1985). In *Jacobsky* this court rejected the challenge of DePaolo and Graten to the constitutionality of the ordinance, holding that the ordinance was neither overbroad nor vague.

3. The Maine District Court Civil Rules have since been consolidated with the Maine Rules of Civil Procedure effective July 1, 1987.

4. Indeed, at the time of the adoption of the Maine Constitution criminal defendants in obscenity prosecutions were entitled to trial by jury *de novo* on appeal. In *Johnson's Case*, 1 Me. 230 (1821), the defendant had been convicted by a Justice of the Peace of "keeping a house of ill-fame," and was sentenced to a term of imprisonment. The Justice of the Peace refused Johnson's application to appeal to the Circuit Court of Common Pleas. The Court held that under the Massachusetts Statute of 1783, ch. 51, and under article I, section 6 of the Maine Constitution, "the accused must, of necessity, be entitled to an appeal from the sentence of a Justice of the peace, who tries without the intervention of a jury, to the Circuit Court of Common Pleas, where a trial by jury may be had." *Id.* at 230. The same entitlement to a jury trial *de novo* on appeal was available to defendants convicted of the common law misdemeanor of libel, which included "publishing a lewd and obscene print, contained in a certain book...." *Commonwealth v. Holmes*, 17 Mass. 336 (1821).

M.D.C.Civ.R. 80H(g), prohibiting the removal of "civil violation proceedings" to the Superior Court for trial by jury, and M.D.C.Civ.R. 80H(j), granting an appeal as in other civil actions, when read together with M.D.C.Civ.R. 73, restricting an appeal to questions of law, contravene the express right to a jury trial guaranteed by article I, section 20 of the Maine Constitution. Rule 80H(g) therefore is unenforceable to the extent it forbids removal of this civil violation proceeding from the District Court to the Superior Court where a jury trial is available. We hold that insofar as it requires that an appeal shall be confined to questions of law Rule 73 is inapplicable to cases brought pursuant to rule 80H.[5] *Cf. Ela v. Pelletier,* 495 A.2d 1225, 1228–29 (Me.1985) (restriction of appeals in small claims case to questions of law invalidated).

If an action is civil in nature, exclusively seeking a money recovery, the parties are entitled to a jury trial even if that type of action was unknown at the time the Maine Constitution was adopted, unless at the time the Maine Constitution was adopted that action or its pre–1820 analogue was not tried to a jury either in the first instance or on an appeal. We today overrule any intimations or statements in our earlier cases that are incompatible with the broad view of the guarantee of a jury trial in civil cases contained in article I, section 20 of the Maine Constitution.

The judgment must be:

Judgment of Superior Court vacated; remanded to the Superior Court for entry of order vacating judgments of the District Court and for further proceedings consistent with the opinion herein.

All concurring.

---

**5.** Permitting a defendant to exercise his constitutional right to a jury trial in a civil case by providing for a jury trial *de novo* on appeal is not a dramatic departure but is firmly grounded in a clear historical antecedent. Chapter 42 of the Massachusetts Statute of 1783 provided as follows:

> *And be it further enacted,* That any party aggrieved at the judgment of any Justice of the Peace in a civil action, where both parties have appeared and pled, may appeal therefrom to the next Court of Common Pleas to be held within the same county ... and both parties shall be allowed to offer any evidence upon the trial at the Common Pleas, in the same manner as if the cause had been originally commenced there. (Emphasis retained).