1997 ME 49

**Marjorie MARTIN**

v.

**Jeffrey SULLIVAN.**

Supreme Judicial Court of Maine.

Argued Nov. 6, 1996.

Decided March 18, 1997.

---

Francis M. Jackson (orally), Portland, for plaintiff.

George Schelling (orally), F. Todd Lowell, Gross, Minsky, Mogul & Singal, P.A., Bangor, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

DANA, Justice.

[¶ 1] Marjorie Martin appeals from a partial summary judgment entered in the Superior Court (Cumberland County, *Bradford, J.*) on Counts II and III of her legal malpractice action against Jeffrey Sullivan. Martin argues that her constitutional right to a jury trial was violated when the case was transferred to the nonjury trial list because she failed to pay the required fee, and that the court erred in granting a judgment as a matter of law on Counts II and III because there were genuine issues of material fact. We affirm the judgment.

[¶ 2] The case arises from attorney Sullivan's handling of Martin's defense of an action brought against her. After discovery Sullivan became persuaded that Martin would lose and be subject to treble damages and costs if the case went to trial. In October 1990 on the day the trial was to begin, Sullivan convinced Martin to accept a settlement offered by the plaintiff.

[¶ 3] In August 1993 Martin began the present action, a four count complaint alleging (I) attorney malpractice, (II) unfair and deceptive trade practices, (III) intentional or negligent infliction of emotional distress, and (IV) fraud. In October 1993 Martin filed a pretrial scheduling statement demanding a jury trial. In November 1993 the court entered an expedited pretrial order requiring the clerk to place the case on the jury trial list 30 days after the close of discovery. After discovery, however, the clerk placed the case on the nonjury trial list because Martin had failed to pay the required $300 jury fee.

[¶ 4] In August 1994 Martin filed a motion to transfer the case to the jury trial list and to waive the jury fee due to her indigence, or alternatively, to transfer the case and extend the time for paying the jury fee. The court denied her motion. Before the trial the court granted a partial summary judgment in favor of Sullivan on Counts II and III. Thereafter, Count IV was dismissed and the trial proceeded on Martin's only remaining claim, Count I, attorney malpractice. After the nonjury trial, the court found for Sullivan and a judgment was entered accordingly.

## I

### Trial By Jury

[¶ 5] Martin argues she did not waive her right to a jury trial merely because she failed to pay the required fee, or alternatively, the court abused its discretion in not granting her a waiver of the fee or additional time to pay it. Her contentions are without merit. The trial court based its decision on an administrative order of the Supreme Judicial Court and, contrary to Martin's contentions, the order applies in this case. The order provides in pertinent part:

1. ... [I]n all civil actions filed on or after [February 1, 1991,] the jury fee shall be paid upon the filing of a Pretrial Scheduling Statement.

. . . . .

6. In the event that the jury fee is not paid as set forth above, notwithstanding any other requests, the parties shall be deemed to have waived trial by jury.

7. The civil jury fee is payable by the plaintiff.

Me. Rptr., 576–588 A.2d CXXXV–CXXXVI. Martin failed to pay the jury fee even though she was informed of the requirement by her attorney. She also failed to request a waiver due to indigence until almost one year after filing the scheduling statement. In light of such circumstances, the court properly determined Martin waived a trial by jury pursuant to the administrative order. Moreover, the court's refusal to grant her motion for a waiver or more time, filed nearly one year after the fee was due, was not an abuse of discretion.

## II

### Appeal of Partial Summary Judgment

[¶ 6] Martin argues the court erred in granting a summary judgment in favor of Sullivan on Counts II and III because genuine issues of material fact exist as to whether Sullivan's conduct was unfair or deceptive pursuant to the Maine Unfair Trade Practices Act, 5 M.R.S.A. § 205–A–214 (1989 & Supp.1996), and/or whether such conduct constitutes the intentional or negligent infliction of emotional distress. We do not reach these issues because such error, if any, was harmless.

[¶ 7] After trial on Count I, the court found Sullivan did not violate any duty of care owed to Martin and Martin did not settle the case as a result of any intimidation or coercion by Sullivan. The trial court held:

that ... Martin agreed to this settlement, that she did not yield to the settlement as the result of any "brow beating" or intimidation on the part of Sullivan, that the settlement as recited to the judge by [the plaintiff's counsel] in open court was the settlement Martin had agreed to in her conference with Sullivan, and that she indicated her assent to the terms of the settlement when asked by the judge in the courtroom.

The final judgment on Count I, therefore, renders Martin's appeal of the partial summary judgment moot. *See Guiggey v. Bombardier,* 615 A.2d 1169, 1172 (Me.1992) (the Maine Unfair Trade Practices Act is not triggered unless the defendant's conduct is unfair or deceptive); *Vicnire v. Ford Motor Credit Co.,* 401 A.2d 148, 154 (Me.1979) (a defendant may be liable for intentional infliction of emotional distress for engaging in extreme and outrageous conduct); and *Gammon v. Osteopathic Hosp. of Maine, Inc.,* 534 A.2d 1282, 1284 (Me.1987) (a defendant may be liable for causing emotional distress through an act of negligence).

The entry is:

Judgment affirmed.