1997 ME 123

**KENNEBEC FEDERAL SAVINGS
& LOAN ASSOCIATION**

v.

**Hubert KUETER.**

Supreme Judicial Court of Maine.

Argued May 12, 1997.
Decided June 3, 1997.

Tobi Leanna Schneider (orally), Waterville, for plaintiff.

Robert E. Sandy, Jr. (orally) Sherman & Sandy, Waterville, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

ROBERTS, Justice.

[¶1] This matter comes to us on a report of an interlocutory ruling by the Superior Court (Kennebec County, *Calkins, J.*) denying Hubert Kueter's demand for a jury trial on the motion filed by Kennebec Federal Savings & Loan Association to assess a deficiency in its mortgage foreclosure action against him. Kueter argues he has a constitutional right to a jury trial on the issue of the deficiency assessment. We disagree and affirm the court's order.

[¶2] In 1977 Kueter and his then wife, Cynthia, borrowed $51,000 from the bank, securing the loan with a mortgage on property they owned in Oakland. In 1979 the Kueters divorced and the Oakland property was set aside to Cynthia. In July 1993 the bank commenced a foreclosure action against the Kueters pursuant to the judicial foreclosure statute, 14 M.R.S.A. §§ 6321–6325 (Supp.1996). In February 1995 the court (*Alexander, J.*) entered a summary judgment for the bank. The bank sold the Oakland property in March 1996 and filed a report of sale pursuant to 14 M.R.S.A. § 6324 (Supp. 1996). The bank also moved for the assessment of a deficiency against the Kueters, but eventually pursued only Hubert for the deficiency since Cynthia's debts were discharged in bankruptcy. Hubert filed a motion contesting the bank's accounting and later filed a demand for a jury trial to contest the bank's motion for a deficiency assessment. The court denied Kueter's demand for a jury trial, and he moved, pursuant to M.R.Civ.P. 72(c), for an interlocutory report of the court's ruling. The court granted Kueter's motion and reported its ruling to us.

[¶3] Article I, section 20 of the Maine Constitution provides: "In all civil suits, and in all controversies concerning property, the parties shall have a right to a trial by jury, except in cases where it has heretofore been otherwise practiced...." In *City of Portland v. DePaolo*, 531 A.2d 669 (Me.1987), we interpreted this language to provide a "broad constitutional guarantee of

the right to a jury trial in all civil cases," except where "by the common law and Massachusetts statutory law that existed prior to the adoption of the Maine Constitution in 1820 such cases were decided without a jury." *Id.* at 670. We will presume there is a right to a jury in a civil case "unless it is affirmatively shown that a jury trial was unavailable in such a case in 1820." *North School Congregate Housing v. Merrithew*, 558 A.2d 1189, 1190 (Me.1989).

[¶4] We have held that jury trials are not available for claims that are equitable in nature. *See, e.g., Cyr v. Cote*, 396 A.2d 1013, 1016 (Me.1979) (as to equitable issues, no jury trial right exists pursuant to article I, section 20). The determination whether a claim is legal or equitable depends on "the 'basic nature of the issue presented, including the relief sought.'" *DesMarais v. Desjardins*, 664 A.2d 840, 844 (Me.1995) (quoting *Cyr v. Cote*, 396 A.2d at 1016). "'Where a plaintiff seeks damages as full compensation for an injury, the claim is legal and the plaintiff is entitled to a jury trial' ... [but] when the primary recovery pursued is equitable, the inclusion of a request for money damages does not convert the proceeding into an action at law." *Id.* (quoting *King v. King*, 507 A.2d 1057, 1059 (Me.1986)).

[¶5] Pursuant to the law of Massachusetts as it existed prior to the adoption of the Maine Constitution, matters related to a mortgage foreclosure were within the equity jurisdiction of the court. See 1785 Mass. Acts ch. 22, § 1 (causes "for forfeiture of real estate ... by deed of mortgage" were subject to court's equity jurisdiction); 1798 Mass. Acts ch. 77, § 2 (mortgagor had right to bring suit in equity to compel mortgagee to accept payment during period of redemption, provided the court found that the mortgagee refused "to accept such sum as the court shall adjudge to be due"). In 1821 Maine enacted a statute that contained equity jurisdiction over "all causes ... for forfeiture of real estate ... by deed of mortgage." Laws of Maine 1821, ch. L, § 2.

[¶6] Maine's judicial foreclosure statute, 14 M.R.S.A. §§ 6321–6325, was enacted in 1975. The statute permits a mortgagee to

bring a civil foreclosure action and requires the court to decide whether there has been a breach in a condition of the mortgage and the amount due thereon. *Id.* §§ 6321 & 6322. If the court finds a breach, it shall issue a judgment providing that the mortgagor's equity of redemption will be foreclosed, and the mortgaged property sold, if the mortgagor does not pay the amount due on the mortgage within 90 days. *Id.* § 6322. Pursuant to section 6324, following a foreclosure sale the mortgagee shall file a report of sale accounting for the disbursement of sale proceeds. The section also provides that any surplus from the sale shall be paid to the mortgagor and that "[a]ny deficiency shall be assessed against the mortgagor and an execution shall be issued by the court therefor."

[¶ 7] Kueter argues that the judicial foreclosure statute maintains a distinction between the foreclosure of the mortgagor's equity of redemption, which is in the nature of an equitable suit, and the assessment of a deficiency, which he asserts is in the nature of a legal action to recover on a note. Thus, Kueter contends, he is entitled to a jury trial on the issue of the deficiency assessment because it is in the nature of an action at law. We disagree. The judicial foreclosure statute establishes a single, inherently equitable proceeding, of which the assessment of a deficiency is an incidental part. As we stated in *Key Bank of Maine v. Walton,* 673 A.2d 701, 703 (Me.1996):

> The judicial mortgage foreclosure procedure set forth in sections 6321–[6325] establishes a unified civil action for foreclosing the mortgagor's equity of redemption and collecting from the mortgagor any deficiency. While the prosecution of a foreclosure suit begins with a complaint for the issuance of a judgment of foreclosure and sale, ... the action culminates with the report of the sale to the court and an order for the assessment of any deficiency or the distribution of any surplus.

The deficiency assessment procedure contemplated by the statute is not a separate action at law, but instead more closely resembles the well-established equitable power of the court to perform an accounting. *See generally* 1 Am.Jur.2d *Accounts and Ac-*counting § 52 (1994) (an accounting, which usually invokes the equity powers of the court, is defined as an adjustment of the accounts of the parties and a rendering of a judgment for the balance ascertained to be due); *Horton & McGehee, Maine Civil Remedies* § 8.1, at 213 (1996) ("In modern times, the remedy of accounting is used to establish the amount of liability in many types of cases...."). Thus, the bank's motion for a deficiency assessment is in the nature of an equitable claim for which there is no right to a jury trial. *Cyr v. Cote,* 396 A.2d at 1016.

The entry is :

Order affirmed.