1999 ME 69

**STATE of Maine**

v.

**ONE 1981 CHEVROLET MONTE CARLO et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 12, 1999.

Decided April 29, 1999.

George M. Deering, Thomaston, for appellant.

Andrew Ketterer, Attorney General, Matthew S. Erickson, Asst. Atty. Gen., Augusta, for State.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

tenant only attaches to that tenant's interest in     the jointly-owned property).

DANA, J.

[¶ 1] George M. Deering appeals from the judgment entered in the Superior Court (Penobscot County, *Mills, J.*) following a bench trial granting the State's petitions for forfeiture of defendants *in rem*, one 1981 Chevrolet Monte Carlo and $1213 in U.S. currency. Deering contends that as a party-in-interest to an *in rem* civil forfeiture proceeding he has a right to a jury trial pursuant to the Maine Constitution. We agree and vacate the judgment.

[¶ 2] In 1994, the Bangor police arrested Deering for violating the terms of his bail. In a search following the arrest, the police found two baggies of marijuana in Deering's 1981 Chevrolet Monte Carlo. After searching Deering's person, the police also discovered $1213, a notebook containing a list of names and corresponding numbers, empty baggies, and cigarette rolling papers.

[¶ 3] Subsequently, the State petitioned the court pursuant to 15 M.R.S.A. § 5822 (Supp.1998) to order forfeiture of the Monte Carlo and the U.S. currency.[1] In his answers to the petitions, Deering demanded a jury trial. Despite this demand, the State filed the M.R. Civ. P. 16(b) pretrial statement without requesting a jury trial, and the Superior Court (Penobscot County, *Marsano, J.*) placed the case on a nonjury trial list. Displeased with the nonjury status, Deering again demanded a jury trial. The Superior Court (Penobscot County, *Delahanty, C.J.*)

denied Deering's request, stating that a jury trial is not available pursuant to 15 M.R.S.A. §§ 5821–5826 (Supp.1998).

[¶ 4] At the beginning of the bench trial, Deering demanded a jury trial for a third time, and once again the Superior Court (Penobscot County, *Mills, J.*) declined his request.[2] Following the trial, the court granted the State's petitions for forfeiture and Deering appealed.

[¶ 5] The forfeiture statute explicitly provides that hearings on forfeiture petitions shall be tried to "the court," not to a jury:

> 4. **Hearings.** At a hearing, other than default proceedings, *the court* shall hear evidence, make findings of fact, enter conclusions of law and file a final order from which the parties have the right of appeal. . . .

15 M.R.S.A. § 5822(4) (emphasis added). We must determine, therefore, whether a party whose property is subject to forfeiture is entitled to a jury trial, notwithstanding the statutory provision for bench trial only.

[¶ 6] The Maine Constitution provides that,

> [i]n all civil suits, and in all controversies concerning property, the parties shall have a right to a trial by jury, except in cases where it has heretofore been otherwise practiced . . . .

---

1. Title 15 M.R.S.A. § 5822 provides in part:
   1. **Filing of petition.** A petition for forfeiture must be filed as provided in this section.
   A. A district attorney or the Attorney General may petition the Superior Court in the name of the State in the nature of a proceeding in rem to order forfeiture of property subject to forfeiture under section 5821 . . . .
   Title 15 M.R.S.A. § 5821 provides in part:
   The following shall be subject to forfeiture to the State and no property right may exist in them:
   . . . .
   4. **Conveyances.** All conveyances, including aircraft, vehicles or vessels, which are used or are intended for use to transport or in any manner to facilitate the transportation, sale, trafficking, furnishing, receipt, possession or concealment of property described in subsection 1 or 2 . . . .
   6. **Money instruments.** Except as provided in paragraph A, all money, negotiable instruments, securities or other things of value

   furnished or intended to be furnished by any person in exchange for a scheduled drug in violation of Title 17–A, chapter 45; all proceeds traceable to such an exchange and all money, negotiable instruments and securities used or intended to be used to facilitate any violation of Title 17–A, chapter 45 . . . .

2. Although Deering neither paid the jury fee nor requested a fee waiver, we do not find that he failed to preserve his right to a jury trial. *See* Administrative Order SJC–321, Me, Rptr., 576–88 A.2d CXXXV–CXXXVI. It is generally true that nonpayment of the jury fee, unless it is waived because of indigency, will foreclose a litigant from obtaining a jury trial. *See Martin v. Sullivan*, 1997 ME 49, ¶ 5, 691 A.2d 203, 205. In this limited circumstance, however, in which the challenged statute expressly precludes a trial by jury, we find no waiver. *See* 15 M.R.S.A. § 5822(4).

ME. CONST. art. I, § 20. This language provides "a 'broad constitutional guarantee of the right to a jury trial in all civil cases,' except where 'by the common law and Massachusetts statutory law that existed prior to the adoption of the Maine Constitution in 1820 such cases were decided without a jury.'" *Kennebec Fed. Sav. & Loan Ass'n v. Kueter,* 1997 ME 123, ¶ 3, 695 A.2d 1201, 1202 (quoting *City of Portland v. DePaolo,* 531 A.2d 669, 670 (Me.1987)). "We will presume there is a right to a jury in a civil case 'unless it is affirmatively shown that a jury trial was unavailable in such a case in 1820.'" *Id.* (quoting *North Sch. Congregate Hous. v. Merrithew,* 558 A.2d 1189, 1190 (Me.1989)).

[¶ 7] The legal and historical authority indicate that at common law a party-in-interest to an *in rem* civil forfeiture proceeding had a right to a jury trial. *See* 5 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 38.31[1] (2d ed.1994). In England, forfeiture to the Crown by a procedure *in rem* of an object used in the violation of the law "was a practice familiar not only to the English admiralty courts but to the Court of Exchequer." *C.J. Hendry Co. v. Moore,* 318 U.S. 133, 137, 63 S.Ct. 499, 87 L.Ed. 663 (1943). Although the American Colonists did not establish separate courts of the Exchequer, "that jurisdiction was absorbed by the common law courts which entertained suits for the forfeiture of property under English or local statutes authorizing its condemnation." *Id.* at 139, 63 S.Ct. 499. In fact, "[l]ong before the adoption of the [United States] Constitution the common law courts in the Colonies—and later in the states during the period of Confederation—were exercising jurisdiction *in rem* in the enforcement of forfeiture statutes." *Id.* In these common law courts, "the suits were brought against the vessel or article to be condemned, *were tried by jury,* [and] closely followed the procedure in Exchequer." *Id.* at 140, 63 S.Ct. 499 (emphasis added).

[¶ 8] In light of this historical precedent, the Seventh Circuit has determined that, "[t]he conclusion appears inescapable that both English and American practice prior to 1791 definitely recognized jury trial of *in rem* actions at common law as the established mode of determining the propriety of statutory forfeitures on land for breach of statutory prohibitions." *United States v. One 1976 Mercedes Benz 280S,* 618 F.2d 453, 466 (7th Cir.1980); *see also Commonwealth v. One 1972 Chevrolet Van,* 385 Mass. 198, 431 N.E.2d 209, 211 n. 5 (1982) (noting that "it appears jury trials were provided in forfeiture cases at the time the Constitution of the Commonwealth was adopted.").

[¶ 9] At common law a party-in-interest to an *in rem* civil forfeiture proceeding had a right to a jury trial, and the State has not affirmatively shown that this right was rescinded in Massachusetts before 1820. *See Kennebec Fed. Sav. & Loan Ass'n,* 1997 ME 123, ¶ 3, 695 A.2d 1201, 1202. Consequently, we hold that a party-in-interest to an *in rem* civil forfeiture proceeding has a right to a jury trial under the Maine Constitution art. I, § 20, notwithstanding the statutory provision that forfeiture proceedings shall be tried to "the court." *See* 15 M.R.S.A. § 5822(4); *see also State v. One 1990 Honda Accord,* 302 N.J.Super. 225, 695 A.2d 303, 307–08 (N.J.Super.Ct.App.Div.1997). *aff'd,* 154 N.J. 373, 712 A.2d 1148 (1998) (citing state court cases finding a constitutional right to a jury trial in *in rem* civil forfeiture proceedings).

The entry is:

Judgment vacated. Remanded to the Superior Court for further proceedings consistent with this opinion.

