2003 ME 120

**STATE of Maine**

v.

**Roland G. POULIOT.**

Supreme Judicial Court of Maine.

Argued: Sept. 10, 2003.

Decided: Oct. 14, 2003.

Michael E. Povich, District Attorney, Carletta M. Bassano, Deputy Dist. Atty., Jacqueline Lewy Smith, Asst. Dist. Atty. (orally), Ellsworth, for State.

Brett D. Baber, Esq. (orally), Bangor, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

LEVY, J.

[¶ 1] The State appeals from a judgment of the Superior Court (Washington County, *Marden, J.*) granting intervenor Jamie Pouliot's motion to return firearms pursuant to the third party exception of the firearms forfeiture statute, 17–A M.R.S.A. § 1158 (Supp.2002). Finding no error, we affirm the judgment.

## I. BACKGROUND

[¶ 2] Following a jury trial, Roland Pouliot was found guilty of one count of possession of a firearm by a felon (Class C), 15 M.R.S.A. § 393 (2003). The charge related to eighty-eight firearms confiscated by the State from a locked room in a building in which Roland's wife Sylvia and their son Jamie jointly operate a discount merchandise store and Jamie individually operates a pawnshop. At the time of Roland's arrest, he was found in possession of a key to the locked room. The court found that Roland was an occasional visitor at the two businesses.

[¶ 3] Following Roland's conviction, the court heard Jamie's motion pursuant to 17–A M.R.S.A. § 1158, which sought the return of his firearms that were confiscated by the police following Roland's conviction. Section 1158 provided[1] in pertinent part that:

As part of every judgment of conviction and sentence imposed, every firearm ... used by the defendant or any accomplice during the commission of any murder or Class A, Class B or Class C crime ... must be forfeited to the State and the court shall so order, unless another person can satisfy the court prior to the judgment and by a preponderance of the evidence that such other person had a right to possess the firearm, to the exclusion of the defendant, at the time of the offense.

P.L.1995, ch. 252, § 1. After a testimonial hearing, the court issued a detailed decision in which it found that Jamie had the right to possess eighty-seven of the eighty-eight firearms to the exclusion of Roland at the time of Roland's offense. Further, the court found that the one remaining firearm belonged to Roland and that Jamie did not have a right to possess it to the exclusion of Roland. The court ordered the return of the eighty-seven firearms to Jamie, concluding that even if Jamie had been negligent in permitting Roland to have access to the room in which the firearms were stored, "it does not defeat the lawful right in Jamie Pouliot to own and possess these guns to the exclusion of [Roland] by virtue of his ownership and control of the guns and the premises." The State appeals from this decision.

## II. DISCUSSION

[¶ 4] The State does not challenge the court's factual determinations, but asserts that the court erred as a matter of law in two respects. First, relying on *State v. One Blue Corvette*, 1999 ME 98, ¶ 7, 732 A.2d 856, 857, the State contends that section 1158 is ambiguous and that we should construe the third-party exception to be restricted to firearm cases in which the firearms involved were stolen from a third party. Second, the State contends that Jamie waived his right to invoke the exception by allowing his father, a known felon, to have access to the room where the firearms were stored. We review de novo the court's interpretation of a statute for errors of law. *Austin v. Austin*, 2000 ME 61, ¶ 8, 748 A.2d 996, 1000.

[¶ 5] In *One Blue Corvette*, we considered the assertion that the automobile forfeiture statute, 29–A M.R.S.A. § 2421(1) (1996), was ambiguous because it required proof that the defendant was the "sole owner-operator" of the automobile for forfeiture to apply, but also contained a third-party exception nearly identical to the exception established in section 1158. *One Blue Corvette*, 1999 ME 98, ¶¶ 5, 7, 8, 732

1. Section 1158 was amended, effective January 31, 2003, by P.L.2001, ch. 383, § 149 and ch. 667, § A–37, and by R.R.2001, ch. 2, § A–

26. The quoted version of section 1158 governed the trial court's action in this case.

A.2d at 857–58. The State argued that the statute's exception for a third party with a right to possess the vehicle to the exclusion of the defendant should be read to modify the requirement that the State establish that the defendant was the "sole owner-operator" of the vehicle. *Id.* We concluded that the third-party exception of section 2421(1) did not modify the plain meaning of "sole owner-operator." *Id.* ¶ 14, 732 A.2d at 859.

 [¶ 6] Section 1158 does not suffer from the potential ambiguity considered in *One Blue Corvette* because, unlike 29–A M.R.S.A. § 2421(1), it does not contain a requirement that the defendant must have been the sole owner-operator of the property that is the subject of the forfeiture proceeding. As a forfeiture statute, section 1158 is penal in nature and should be strictly construed against the State. *State v. One Uzi Semi–Automatic 9mm Gun,* 589 A.2d 31, 34 (Me.1991). Furthermore, "if the meaning of the statute is clear on its face, then we need not look beyond the words themselves." *One Blue Corvette,* 1999 ME 98, ¶ 7, 732 A.2d at 857 (internal quotations omitted) (quoting *Cook v. Lisbon Sch. Comm.,* 682 A.2d 672, 676 (Me. 1996)). Section 1158 plainly applies to anyone who can establish that he or she "had a right to possess the firearm, to the exclusion of the defendant, at the time of the offense." 17–A M.R.S.A. § 1158. Because the statute is clear and unambiguous, we will not read into it the added requirement that the firearm(s) involved were stolen.

[¶ 7] The State also asserts that Jamie waived his right to invoke the exception to forfeiture under section 1158 because, at the time of Roland's offense,

Jamie had effectively shared possession of the firearms with Roland because Roland had a key to the room in which they were locked. This argument is, however, contrary to the Superior Court's factual findings. The court determined that the eighty-seven firearms either belonged to Jamie or were rightfully in his possession through the pawn process, and it did not find that Roland possessed or had the right to possess the firearms that Jamie stored in the locked room (with the exception of the one firearm that was forfeited).[2] Contrary to the State's position, Roland's possession of a key with which he might gain access to the firearms does not undermine the court's conclusion, consistent with the statute, that Jamie had the right to possess the firearms to the exclusion of Roland at the time of the offense.

The entry is:

Judgment affirmed.

---

**2.** The court did not find, and the record does not otherwise establish, how Roland came into possession of the key.