STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, ss.                                     CIVIL ACTION
                                                  Docket No. AP-09-44
                                                  *VM   KEN-2/3/000*

DANIEL J. BERNIER,

                 Plaintiff

v.                                                DECISION AND ORDER

TOWN OF LITCHFIELD,

                 Defendant


Pursuant to M.R. Civ. P. 80B, plaintiff Daniel Bernier seeks review of the

August 26, 2009 decision of the Board of Appeals for the Town of Litchfield. The

Board of Appeals upheld the June 17, 2009 decision of the Planning Board (the

Board) in which the Board denied the plaintiff's change of use application.

Factual and Procedural Background

The plaintiff owns property located on Peace Pipe Drive in Litchfield that

contains a legally existing septic system, which includes a tank and concrete

chambers. When installed, the system did not require a setback from the road.

The Shoreland Zoning Ordinance (SZO) was amended and the chambers would

be subject to a setback from the road. The system is nonconforming to the

applicable SZO provisions.

The plaintiff sought Board approval for a change of use for a 12' x 20'

portion of the system. In his application, the plaintiff stated: "[t]he existing non-

conforming structure is a concrete chamber septic system, a 12' x 20' portion of

which is proposed to be changed in use to a residential structure."[1]

---

[1]      The plaintiff characterized the septic system as a "legally-nonconforming structure"
because it was constructed prior to the adoption of the Shoreland Zoning Ordinance (SZO) and
was allowed at the time of construction. (Pl.'s Br. at 1.). The Board, on the other hand, does not

Expansion of a legally nonconforming structure is permitted by section 12(C)(1) of the SZO. The expansion may not increase the nonconformity of the structure.

The plaintiff requested a change of use application pursuant to section 12(C)(4) of the SZO. A change of use for a nonconforming structure is permitted under section 12(C)(4) subject to the satisfaction of criteria related to the change's environmental impact. A threshold requirement under section 12(C)(4) is that the subject matter of the application qualifies as a "structure."

In its June 17, 2009 decision, the Board denied the plaintiff's application and determined that a septic system is not a "structure" as defined by section 17 of the SZO and therefore not eligible for a change of use permit under section 12(C)(4).[2] (R. at 2.). The Board of Appeals affirmed the Board's decision by notice of decision dated August 24, 2009. (R. at 1.). On September 16, 2009, the plaintiff filed this Rule 80B complaint.

Standard of Review

In an action brought pursuant to M.R. Civ. P. 80B, the court reviews the operative decision of the municipality directly "for abuse of discretion, errors of law, or findings not supported by the substantial evidence in the record."

---

appear to recognize the septic system as such. (Def.'s Br. at 2; R. at 2.) In the decision, the Board characterized the septic system as "what is claimed by the applicant to be an existing legally nonconforming grandfathered 'structure'." (R. at 2.)

[2]     The Board's decision provides, in part:

> "The Planning Board finds that a subsurface wastewater disposal system is not a 'structure' as defined in Section 17 of the Litchfield Shoreland Zoning Ordinance because it was not 'built for the support, shelter or enclosure of persons, animals, goods or property of any kind.' Instead it was built for the purpose of treating and disposing of waste and wastewater as defined in the Ordinance for subsurface wastewater disposal systems.

(R. at 2.).

2

Wyman v. Town of Phippsburg, 2009 ME 77, ¶ 8, 976 A.2d 985, 987 (quoting Griswold v. Town of Denmark, 2007 ME 93, ¶ 9, 927 A.2d 410, 414.

The interpretation of a zoning ordinance is a question of law subject to de novo review. Jade Realty Corp v. Town of Eliot, 2008 ME 80, ¶ 7, 946 A.2d 408, 410. In interpreting a statute or ordinance, the court "look[s] first to the plain meaning of the statutory language to give effect to legislative intent, and if the meaning of the statute is clear on its face, then we need not look beyond the words themselves." Id. (quoting State v. One Blue Corvette, 1999 ME 98, ¶ 7, 732 A.2d 856, 857). "Undefined and ambiguous terms and expressions contained in an ordinance must be construed 'reasonably with regard to both the objects sought to be obtained and to the general structure of the ordinance as a whole.'" Davis v. SBA Towers II, LLC, 2009 ME 82, ¶ 15, 979 A.2d 86, 92 (quoting H.E. Sargent, Inc. v. Town of Wells, 676 A.2d 920, 923 (Me. 1996)).

Discussion

The issue is whether the definition of "structure" in § 17 of the SZO includes septic systems. Section 17 defines a structure as

> anything built for the support, shelter or enclosure of persons, animals, goods or property of any kind, together with anything constructed or erected with a fixed location on or in the ground, exclusive of fences, and poles, wiring and other aerial equipment normally associated with service drops as well as guying and guy anchors. The term includes structures temporarily or permanently located, such as decks, patios and satellite dishes.

(R. at 100.)

The plaintiff argues that a septic system plainly satisfies the definition because it is built "for the support . . . of persons[.]" The defendant argues that

3

such a reading is so expansive as to defy common sense.[3] The defendant argues further that a "subsurface wastewater disposal system" is separately defined in the SZO as "any system designed to dispose of waste or waste water on or beneath the surface of the earth" and constitutes a "regulated object" rather than a "structure." (R. at 99,[4] 100.) Accordingly, the system is governed by section 15K of the SZO. (R. at 75.)

Under a plain definition of the word "support," a septic system would reasonably be understood to provide "support" for a person's occupancy or presence on a property. While the defendant correctly notes that such an interpretation could potentially result in a variety of different items not traditionally recognized as structures to qualify as such under the statute, the exclusions in the definition are illustrative. The ordinance expressly excludes items such as fences, poles, and a variety of electrical equipment from being classified as structures. The implicit suggestion of this provision is that, but for the exclusion, these items would otherwise qualify. Because none of these items provides shelter for or encloses anything, their characterization is necessarily due to the fact that they "support . . . persons, animals, goods or property." (R. at 100.) Similarly, a septic system is a constructed item in a fixed location on the property intended to support residential activity. See Jade Realty Corp., 2008 ME 80, ¶ 8, 946 A.2d at 411 ("An ordinance may not be interpreted in such a way to read a provision out of existence or to render it surplusage.") Accordingly, a septic system is a "structure" under section 17.

---

[3]    For example, the defendant argues that a vegetable garden would arguably constitute a "structure" under the plaintiff's interpretation. (Def. Br. at 5.).

[4]    Setback is defined as "the nearest horizontal distance from the normal high-water line of a water body or tributary stream, or upland edge of a wetland, to the nearest part of the structure, road, parking space or other regulated object or area." (R. at 99.)

Additionally, the fact that there is a separate definition for subsurface wastewater disposal systems and additional setback is required does not alter this conclusion. There is no basis to conclude that a particular item cannot be subject to more than one definition under section 17[5] or that the additional requirements in section 15(K) automatically exclude septic systems from the provisions found in the nonconforming use sections of the SZO.

Finally, the defendant has also argued that the septic system itself fails to qualify as a "structure," even if septic systems are not categorically excluded under section 17, because the application inadequately depicts the septic system. The Board's decision was based on its conclusion of law that a septic system cannot be a "structure."

This interpretation is harmonious with the purposes of the SZO. The SZO is intended to protect shoreland areas and their inhabitants from the environmentally detrimental effects of development.[6] (R. at 55.) Reviewing the ordinance in its entirety, the most significant consequence of an object being classified as a "structure" is that it is subject to significant setback requirements. (R. at 66-67.) In accordance with the goals of the SZO, reading "structures" to

---

[5] For example, the plaintiff notes that a "residential dwelling unit," clearly a "structure," is a defined term under § 17.

[6] Specifically, § 1 of the SZO provides:

> Purposes. The purposes of the Ordinance are to further the maintenance of safe and healthful conditions; to prevent and control water pollution; to protect fish spawning grounds, aquatic life, bird and other wildlife habitat; to protect buildings and lands from flooding and accelerated erosion; to protect archaeological and historic resources; to protect freshwater wetlands; to control building sites, placement of structures and land uses; to conserve shore cover, and visual as well as actual points of access to inland waters; to conserve natural beauty and open space; and to anticipate and respond to the impacts of development in shoreland areas.

(R. at 55.)

include septic systems reasonably construes the ordinance to achieve its intended purpose in maintaining healthful conditions.[7]

The entry is

> The Decision of the Town of Litchfield Planning Board is VACATED. The case is REMANDED for further action consistent with this Decision and Order.

Date: February 2, 2010

Nancy Mills
Justice, Superior Court

---

[7]     Indeed, this was the position taken by the Board in its September 17, 2007 meeting when discussing amendments to the SZO. (R. at 31 (Planning Board minutes that provide: "[t]he Shoreland Zoning Ordinance does not except septics under the definition of a structure. The Planning Board could modify the definition of a structure to except septics from setback requirements.")). No such modifications were made.

Other aspects of the history of the Board's consideration of the definition support the plaintiff's position. (R. at 24, 25, 26, 28 30.; see also R. at 29.)