### Gerri GOLZ,

v.

### MAINE REAL ESTATE COMMISSION.

Supreme Judicial Court of Maine.

Argued June 2, 1993.

Decided Dec. 13, 1993.

---

Michael A. Nelson (orally), Jeffrey Clements (orally), Jensen, Baird, Gardner & Henry, Portland, for plaintiff.

Timothy W. Collier (orally), Asst. Atty. Gen., Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

ROBERTS, Justice.

Gerri Golz appeals from a judgment of the Administrative Court (*Beaudoin, J.*) affirming a decision of the Maine Real Estate Commission finding that she had engaged in the unlicensed practice of real estate brokerage and imposing a $3,000 fine. Golz contends that (1) the Commission lacks the authority to impose sanctions for the unlicensed practice of real estate brokerage; (2) the proceeding before the Commission violated her right to due process of law and her right to a jury trial; and (3) the Commission's findings are not supported by substantial evidence. Because we agree with her first contention and therefore vacate the judgment, we need not address her other contentions.

Gerri Golz is a shareholder and vice-president of The Bridgton Group, a corporation that in October 1989 purchased a real estate agency in Bridgton. Although Golz is not licensed as a real estate broker in Maine, other individuals employed by the agency are so licensed. As a result of an investigation conducted in response to a complaint filed with the Commission, the director of the Commission filed a staff complaint and petition for hearing, alleging that Golz had on three occasions engaged in the unlicensed practice of real estate brokerage in violation of 32 M.R.S.A. § 13003 (1988). At the conclusion of a hearing held in June 1991, the Commission found that Golz had engaged in the unlicensed practice of real estate brokerage and pursuant to section 13068(2)(C) imposed a total fine of $3,000 for the three violations. The Commission issued a written decision on January 16, 1992. The Administrative Court affirmed and this appeal followed.

▮ Generally speaking, the disciplinary authority of occupational and professional licensing boards is limited to enforcement against licensees or former licensees. The State, not licensing boards, prosecutes unlicensed practitioners. *See, e.g.,* 5 M.R.S.A. § 12004–A; 32 M.R.S.A. §§ 1105, 1155–A (electricians); *id.* §§ 1256, 1356 (engineers); *id.* § 1455–A (funeral directors); *id.* §§ 2105–A, 2106 (nurses); *id.* §§ 2276, 2286 (occupational therapists); *id.* §§ 2431–A, 2441 (optometrists); *id.* §§ 2591–A, 2598 (osteopaths); *id.* §§ 3117–A, 3118 (physical therapists); *id.* §§ 3270, 3282–A (physicians); *id.* §§ 3304, 3404 (plumbers); *id.* §§ 3814, 3837 (psychologists). In creating the Real Estate Commission, the Legislature stated that it is "the policy of the State that licensees shall be supervised by [the Commission]." 32 M.R.S.A. § 13061. Section 13067 of that title confers on the Commission the power to impose disciplinary sanctions. Although section 13067 is not a model of clarity, we conclude that the Legislature did not intend that the Commission could sanction persons or entities other than present or former licensees. *See* 32 M.R.S.A. § 13067(1)(K) (Supp.1992).

The only references to unlicensed persons are in section 13067(1)(I), permitting disciplinary action against a licensee for the conduct of an unlicensed person, and in section 13067(1)(K), permitting the imposition of sanctions for real estate brokerage after the expiration, suspension, or revocation of a license. We reject the Commission's argument that because the Legislature specified "licensee" in subsections (B), (C), and (L) of section 13067(1) it did not intend to. so limit the other subsections. As Golz argues, the breadth of subsection (A) alone belies any legislative purpose to permit its application to persons or entities other than licensees.[1] Moreover, the scope of the investigative mandate of the Commission and its director does not suggest any broader interpretation of its disciplinary powers. Section 13068(2)(E) expressly provides for a report of commission findings to the attorney general or a district attorney for any prosecution that may be beyond the Commission's authority.

The parties have given neither the Administrative Court nor us citations to the legislative history of the Maine Real Estate Commission since its creation in 1937. An examination of that history, however, offers little support for the Commission's reliance on section 13068(2)(C). Indeed, prior to 1983 the Commission's disciplinary authority over *licensees* was limited to a reprimand. The 1982 Report of the Joint Standing Committee on Business Legislation, on its interim study of the Maine Real Estate Commission, focused on the weakness of the Commission's power to discipline *licensees*. The committee's recommendation resulted in the enactment of P.L. 1983, ch. 171, which contained language in section 9 identical to the present section 13068(2)(C) except that the fine was then limited to $500.

In short, we conclude that the Legislature did not intend to take the unusual and constitutionally questionable step of conferring on the Commission the general disciplinary authority over unlicensed real estate brokerage. Rather, the Commission's power in this in-

stance extended only to the sanction imposed on the designated broker, Morgan Elmer. Accordingly, the Administrative Court erred when it affirmed the decision of the Commission.

The entry is:

Judgment vacated.

Remanded to the Administrative Court with direction to vacate the decision of the Maine Real Estate Commission.

All concurring.

---

**1.** Section 13067(1)(A) (1988 & Supp.1992) provides in part:

    [T]he commission shall have the power to impose disciplinary sanctions at any time when a person or entity is found guilty of ...:

    **A.** Any act or conduct, whether the same or different character than specified in this chapter, which constitutes or demonstrates bad faith, incompetency, untrustworthiness or dishonest, fraudulent or improper dealings;