STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-04-226

JOSEPH GOUDREAU, *et al.*,

      Plaintiffs

v.

**DECISION AND ORDER**

MAINE DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

      Defendants

This matter is before the court on cross-motions for summary judgment filed by the parties pursuant to M.R. Civ. P. 56.

By letter dated June 1, 2004, Defendant Maine Department of Health and Human Services ("Defendant", "Department" or "DHS") notified Plaintiffs Joseph Goudreau ("Goudreau") and Riverside Villa Retirement Inn, Inc. ("Riverside Villa") that it was imposing on them a fine of $18,500.00. The purported factual basis for this fine was that the Plaintiffs had violated various statutory provisions in providing unlicensed assisted living services to more than two persons between October 8, 2003 and November 13, 2003. Neither Plaintiff has ever held or applied for a license to operate a long-term care facility in the State of Maine.

DHS rules do not provide an opportunity for a jury trial on any issues. Hence, in this case, the Plaintiffs first requested an informal review of the proposed penalty, asserting that the Department lacked jurisdiction and that the proposed course of action was unconstitutional. By letter dated August 16, 2004, the Defendant rejected these arguments and affirmed its decision to impose the fine. Plaintiffs then requested that

DHS stay any further administrative proceedings pending this judicial review. The Defendant also denied this request.

The Plaintiffs filed the present complaint on October 6, 2004. The complaint prays for declaratory relief in three counts. In count I, Plaintiffs seek a declaratory judgment that DHS has no jurisdiction to impose a civil penalty on them, or to conduct an administrative hearing for that purpose, pursuant to 22 M.R.S.A. § 7944. In count II, the Plaintiffs seek a declaratory judgment that they are entitled to a trial by jury pursuant to Article I, Section 20 of the Maine Constitution on Defendant's imposition of monetary sanctions. Lastly, in count III, the Plaintiffs seek a declaratory judgment that 22 M.R.S.A. § 7944 violates separation of powers in that it permits an administrative agency to recover a civil penalty from a person who has never held a license from that agency, impermissibly transferring judicial power to the executive branch. Also, the Plaintiffs assert that this statute unconstitutionally authorizes an agency to impose a civil penalty with no maximum limit, impermissibly delegating legislative power to an administrative agency.

The Law Court has explained that:

> Summary judgment is no longer an extreme remedy. It is simply a procedural device for obtaining judicial resolution of those matters that may be decided without fact-finding. Summary judgment is properly granted if the facts are not in dispute or, if the defendant has moved for summary judgment, the evidence favoring the plaintiff is insufficient to support a verdict for the plaintiff as a matter of law.

*Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 21-22. Summary judgment is proper if the citations to the record found in the parties' Rule 56(h) statements demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Dickinson v. Clark*, 2001 ME 49, ¶ 4, 767 A.2d 303, 305. "A fact is material if it has the potential to affect the outcome of the case under

governing law." *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, n.3, 770 A.2d 653, 655, n.3 (citing *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575). "The invocation of the summary judgment procedure does not permit the court to decide an issue of fact, but only to determine whether a genuine issue of fact exists. The Court cannot decide an issue of fact no matter how improbable seem the opposing party's chances of prevailing at trial." *Searles v. Trustees of St. Joseph's College*, 1997 ME 128, ¶ 6, 695 A.2d 1206, 1209 (quoting *Tallwood Land & Dev. Co. v. Botka*, 352 A.2d 753, 755 (Me. 1976)). To avoid a judgment as a matter of law for a defendant, a plaintiff must establish a prima facie case for each element of her cause of action. *See Fleming v. Gardner*, 658 A.2d 1074, 1076 (Me. 1995).

The Plaintiffs first argue that the Department is without jurisdiction to impose a civil penalty or fine upon them pursuant to 22 M.R.S.A. § 7944. In pertinent part, subsection (1)(C) of section 7944 states that "[DHS] may impose a penalty upon a *long-term care facility* for operating without a license or for a violation of this chapter". (Emphasis in Plaintiffs' brief). In the Plaintiffs' view, the obvious legislative intent of subsection (1)(C) was to authorize the Defendant to impose civil penalties only on those entities which had voluntarily brought themselves within the jurisdiction of the Department by applying for a license. Since Goudreau and Riverside Villa assert, and DHS agrees, that they have never held or applied for a license to operate a long-term care facility, they maintain that the Defendant cannot impose a penalty upon either of them.

In support of this position, Goudreau and Riverside Villa cite to *Golz v. Maine Real Estate Commission*, 634 A.2d 1288 (Me. 1993). In *Golz*, the Real Estate Commission fined an individual $3,000.00 for engaging in the unlicensed practice of real estate brokerage. The Law Court concluded that "the Legislature did not intend that the

Commission could sanction persons or entities other than present or former licensees". *Id.* at 1289. Further, the Law Court stated its opinion that "the Legislature did not intend to take the unusual and constitutionally questionable step of conferring on the Commission the general disciplinary authority over unlicensed real estate brokerage". *Id.* at 1290. Similarly, the Plaintiffs assert that the Legislature, in authorizing the Department to impose penalties upon long-term care facilities, did not intend to extend that authority to individuals and entities that have never held or applied for a license from the Department.

In response, the Defendant asserts that the plain language of section 7944(1)(C) permits the Department to impose a financial penalty upon a long-term care facility that operates without a license. DHS also notes that residential care facilities, such as that allegedly run by the Plaintiffs, are within the scope of the term "long-term care facilities". *See* 22 M.R.S.A. § 7942(3) (2004). Additionally, the Defendant points out that a person or corporation must obtain a license from the Department prior to operating a residential care facility. *See* 22 M.R.S.A. § 7801 (2004). In the Defendant's view, this statutory scheme reflects the Legislature's intent that individuals and entities providing assisted living services have a license to do so. Moreover, the Department believes it is irrelevant that the Goudreau and Riverside Villa never applied for a license, and instead suggests that by merely providing services to residents, the Plaintiffs brought themselves within the jurisdiction of the Department. Also, DHS contends that the Plaintiffs' position leads to the illogical result that a person or entity could flagrantly violate the law simply because they did not apply for a license.

In addition, the Defendant points out that the Law Court has recently upheld the Department's authority to impose a financial penalty for operating a residential care facility without a license. *See Reardon v. Department of Human Services*, 2003 ME 65, 822

A.2d 1120. As was the case in *Reardon*, DHS maintains that Goudreau and Riverside Villa were operating an unlicensed residential care facility. Hence, the Defendant contends that it may impose a financial penalty in accordance with section 7944 in this case as well.

In reply, the Plaintiffs criticize the Defendant's suggestion that they are subject to DHS authority simply because they allegedly operated a residential care facility. Goudreau and Riverside Villa state that, according to this theory, the more certain the Department is that a person is guilty, the more appropriate it is for the Department to adjudicate their guilt or innocence. The Plaintiffs suggest that while DHS may be certain of their guilt, for purposes of this proceeding, that question is controverted, as they have expressly denied providing assisted living services during the period in question. Thus, even accepting the Defendant's theory, the Court could not find that the Plaintiffs brought themselves within the authority of DHS.

Also in their reply brief, the Plaintiffs note that Goudreau individually is not a "facility", long-term or otherwise. Thus, as section 7944 authorizes DHS to impose civil penalties only on a long-term care facility, it is improper to fine Goudreau in his individual capacity.

After reviewing the statutory provisions governing the operation of long-term care facilities, it appears that the Legislature did indeed intend that DHS have the authority to sanction entities operating without a license duly issued by the Department. Moreover, it appears that the Legislature intended sanctions to apply regardless of whether the entity in question had ever held or applied for a license. Sections 7943 and 7944 of title 22 are particularly noteworthy in this context. Subsection (1) of section 7943 indicates that "[i]t is a violation of this chapter" for a person to operate a long-term care facility without *first* obtaining a license. *See* 22 M.R.S.A. §

7943(1) (2004). In addition, section 7944 indicates that the Department may impose sanctions "when a violation of this chapter occurs", without exception. *See* 22 M.R.S.A. § 7944(1) (2004). The only reasonable reading of these statutory provisions is that every long-term care facility, licensed, formerly licensed, or never licensed, is subject to DHS sanctions.

As for the *Golz* opinion cited by the Plaintiffs, the statutes at issue there are entirely separate and distinct from those discussed above. Hence, the reasoning underlying the Law Court's conclusion that the Maine Real Estate Commission cannot sanction individuals who were never licensed to engage in real estate brokerage is not readily applicable to this case. Similarly, the Defendant misstates the relevance of the *Reardon* decision. Although the Law Court in *Reardon* may have upheld the imposition of penalties on an unlicensed person pursuant to section 7944, there is nothing in that opinion to suggest that the issue of DHS jurisdiction was ever raised, much less analyzed or decided.

This Court's conclusion that section 7944 permits the Defendant to impose a financial penalty upon the Plaintiffs does not mean that the exercise of that power comports with the Maine Constitution. As pointed out by Goudreau and Riverside Villa, the only recourse available to challenge the penalty is an administrative hearing before a DHS hearing officer. Pursuant to DHS administrative hearing rules and the Maine Administrative Procedures Act, all issues of fact and law would be determined by the Department, subject only to limited judicial review. *See* 5 M.R.S.A. § 8001 et seq.; Me. Dep't. of Hum. Serv., 10 144 CMR 001. Goudreau and Riverside Villa argue that the present controversy is a "civil suit" with respect to which they have a right to a trial by jury under Article I, Section 20 of the Maine Constitution. The Plaintiffs note that in *City of Portland v. DePaolo, et al.*, 531 A.2d 669 (Me. 1987), the Law Court held that a rule

preventing removal of civil violation cases from District to Superior Court, where the defendant could obtain a jury trial, was unconstitutional. Specifically, the Law Court explained that "[i]f an action is civil in nature, exclusively seeking a money recovery, the parties are entitled to a jury trial...". *Id.* at 671. The Plaintiffs argue that they too are entitled to a jury trial since, they assert, the Defendant has only sought to impose a civil monetary penalty.

In response, the Department notes that applicable statutory provisions confer upon them the authority to hold administrative hearings under the present circumstances. Also, the Defendant states that the administrative hearing process affords Goudreau and Riverside Villa adequate due process, and that the Plaintiffs also have the opportunity for judicial review under Rule 80C. Additionally, DHS cites again to *Reardon*, implying that the Law Court's decision in that case supports the constitutionality of denying the Plaintiffs a jury trial here.

The counterarguments offered by the Department are flawed in several respects. First, in responding with a lengthy recitation of statutory provisions and alleged facts, the Defendant fails entirely to address the substance of the Plaintiffs' position. Indeed, if Goudreau and Riverside Villa have a constitutional right to a jury trial, the statutes cited by DHS cannot override it. Furthermore, the Plaintiffs have not claimed that they are being denied *due process*, as suggested in the Defendant's opposition. Instead, the actual claim brought by the Plaintiffs is that their constitutional right to a *jury trial* has been abridged. Finally, there is no indication that the *Reardon* Court was asked to address the constitutional issues presently at bar, and thus, that decision is of limited value for our purposes.

It is the opinion of this Court that the Maine Constitution entitles the Plaintiffs to a jury trial under the undisputed facts of this case. In *DePaolo*, the Law Court explained

"[i]n language plain and broad article I, section 20 guarantees to parties in all civil suits the right to a jury trial, except where by the common law and Massachusetts statutory law that existed prior to the adoption of the Maine Constitution in 1820 such cases were decided without a jury". *Id.* at 670. In addition, "[a] party has a right to a jury trial in all civil actions unless it is affirmatively shown that jury trials were unavailable in such a case in 1820". *Irish v. Gimbel*, 1997 ME 50, ¶ 7, 691 A.2d 664, 669. In the present case, there is no evidence whatsoever to suggest that a jury trial was unavailable to challenge the imposition of a civil monetary penalty prior to 1820. As it is undisputed that the Department seeks to impose a penalty pursuant to section 7944, and the law presently denies the right to defend such actions before a jury, the Plaintiffs' rights under Article I, Section 20 of the Maine Constitution have been violated.

Goudreau and Riverside Villa also contend that section 7944 violates principles of separation of powers. The Plaintiffs first assert that, under the Department's view of the law, DHS has jurisdiction over every person and entity in the State of Maine, regardless of whether they have any relationship with the Department. Goudreau and Riverside Villa also note that it is undisputed that they have never held or applied for a license to operate a long-term care facility in the State. If it is true that DHS may impose a fine in this case, the Plaintiffs assert that the Legislature could delegate the authority to fine any person for any offense to an administrative agency. This would, in essence, obviate the judicial system. However, under Article III of the Maine Constitution, the powers of government must be separated into the legislative, executive and judicial departments, and one of these departments may not exercise any of the powers belonging to either of the others, except as expressly directed or permitted. *See State v. Hunter*, 447 A.2d 797, 799 (Me. 1982). Goudreau and Riverside Villa believe the present law impermissibly assigns judicial power, which does extend to every person and

entity, to an administrative agency, which only has jurisdiction over persons and entities which have brought themselves within its jurisdiction by acquiring, or applying for, a license.

In response, as it did earlier, the Department again relies upon factual allegations and statutory provisions in support of its position, and again implies that it believes the Legislature has the power to enact laws violative of the State Constitution.

Despite the weakness inherent in the arguments actually raised by DHS, it appears that the applicable law requires a finding in favor of the Department on this point. In *Portland Pipe Line Corp. v. Environmental Improvement Commission, et al.*, 307 A.2d 1 (Me. 1973), the Law Court discussed the interplay between the judiciary and quasi-judicial administrative tribunals in the context of Article III. In particular, the Law Court said "[i]f the sole, practical role of the separation of powers doctrine is to provide a check against one branch of government usurping all governmental powers, it is sufficient for the judiciary to have the power to review determinations of quasi-judicial bodies". *Id.* at 30, n. 50. As the judicial branch has the power to review decisions of the Department pursuant to the Maine Administrative Procedures Act and Rule 80C of the Maine Rules of Civil Procedure, it appears that judicial authority has not been unconstitutionally usurped in this instance.

The Plaintiffs also believe that Article III has been violated in that section 7944, as interpreted by DHS, sets no limits on the Department's discretion to impose a fine, except for a minimum penalty. In the Plaintiffs' view, this constitutes an unconstitutional delegation of legislative power to an administrative agency. First, Goudreau and Riverside Villa quote the relevant statutory language:

> The minimum penalty for operating without a license is $500 per day. A penalty or a combination of penalties imposed on a facility may not be greater than a sum equal to $10 times the total number of residents

residing in the facility per violation, up to a maximum of $10,000 for each instance in which the Department issues a statement of deficiency to a skilled nursing or intermediate care facility, or $6 times the total number of residents residing in the facility per violation, up to a maximum of $6,000 in each instance in which the Department issues a statement of deficiency to any assisted living facility.

22 M.R.S.A. § 7944(1)(C) (2004). The Plaintiffs assert that under the Department's interpretation, the stated maximums are not applicable in cases involving operating without a license. Hence, in such cases, there is no limit on the daily or total penalties DHS could impose.

The Plaintiffs point out that "[i]t is a well established principle, constitutionally mandated, that in delegating power to an administrative agency, the legislative body must spell out its policies with sufficient detail...so that the determination of [] rights will not be left to the purely arbitrary discretion of the administrator". *Fitanides v. Crowley*, 467 A.2d 168, 171 (1981). Also, "[a]s a general rule, the legislative authority must declare the policy or purpose of the law and set up standards or guides to indicate the extent, and *prescribe the limits* of the discretion it is delegating". *State v. Dube*, 409 A.2d 1102, 1109 (Me. 1979) (emphasis in Plaintiffs' brief). Under the Department's interpretation, however, Plaintiffs assert that it could impose a fine of $1 million per day. Goudreau and Riverside Villa believe that the Legislature cannot constitutionally delegate such power to an administrative agency.

In response, the Defendant agrees that it interprets section 7944 such that the stated maximum penalty limits do not apply to an unlicensed residential care facility. Rather, DHS explains that those limits only apply where the Department issues a statement of deficiency, and that only occurs if a facility licensed as a skilled nursing home, intermediate care facility, or an assisted living facility violates DHS regulations. The Department also notes that its interpretation is entitled to considerable deference.

*See Fryeburg Health Care Center v. Dep't of Human Servs.,* 1999 ME 122, ¶ 7, 734 A.2d 1141, 1143; *See also Davric Maine Corp., et al. v. Maine Harness Racing Comm'n, et al.,* 1999 ME 99, ¶ 7, 732 A.2d 289, 293. Beyond this, the Defendant engages in another discussion of facts and statutory provision, no part of which addresses the constitutionality of a statute that empowers an administrative agency to impose fines with no limit as to the amount.

Notwithstanding the deference to which the Department's interpretation of section 7944 is entitled, this is indeed the only interpretation of the statutory language that makes sense. Otherwise, it would be impossible, in some cases, to reconcile the minimum and maximum penalties prescribed. That being so, however, the statute fails to pass constitutional muster. In particular, as noted by the Plaintiffs, in failing to set a maximum limit on financial penalties that may be imposed by DHS on unlicensed facilities, the Legislature has failed to provide a sufficient safeguard to assist in preventing arbitrariness in the exercise of that power. *See Maine School Administrative District No. 15, et al. v. Raynolds, et al.,* 413 A.2d 523, 529 (Me. 1980). As section 7944 unconstitutionally permits the imposition of sanctions with no limit as to the amount, no sanctions may be imposed pursuant to that authority.

The entry will be:

> Plaintiffs' motion for summary judgment on count I is DENIED; Defendant's motion for summary judgment on count I is GRANTED; judgment for Defendants on count I of Plaintiffs' complaint; Plaintiffs' motion for summary judgment on counts II and III is GRANTED; judgment for Plaintiffs on counts II and III of its complaint; Defendant's motion for summary judgment on counts II and III is DENIED.

Dated: April____20___, 2005

Donald H. Marden
Justice, Superior Court

JOSEPH GOUDREAU  - PLAINTIFF
509 KENDUSKEAG AVENUE
BANGOR ME 04401
Attorney for: JOSEPH GOUDREAU
MICHAEL POULIN  - RETAINED 10/06/2004
SKELTON TAINTOR & ABBOTT
95 MAIN STREET
PO BOX 3200
AUBURN ME 04212-3200


RIVERSIDE VILLA RETIREMENT INN, INC. - PLAINTIFF
BROOK ROAD
WESTBROOK ME 04092


vs
MAINE DEPARTMENT OF HEALTH & HUMAN SERVICES - DEFENDANT
11 STATE HOUSE STATION
AUGUSTA ME 04333

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CV-2004-00226


**DOCKET  RECORD**


Filing Document: COMPLAINT               Minor Case Type: DECLARATORY JUDGMENT
Filing Date: 10/06/2004

## Docket Events:

10/06/2004 FILING DOCUMENT - COMPLAINT FILED ON 10/06/2004


10/06/2004 Party(s):  JOSEPH GOUDREAU
           ATTORNEY - RETAINED ENTERED ON 10/06/2004
           Plaintiff's Attorney: MICHAEL POULIN


10/06/2004 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 10/06/2004
           Plaintiff's Attorney:  MICHAEL POULIN
           MAILED TO ATTY. OF RECORD


10/20/2004 Party(s):  MAINE DEPARTMENT OF HEALTH & HUMAN SERVICES
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 10/14/2004
           ORIGINAL SUMMONS WITH RETURN SERVICE MADE UPON MAINE DEPARTMENT OF  HEALTH & HUMAN
           SERVICES


10/20/2004 Party(s):  MAINE DEPARTMENT OF HEALTH & HUMAN SERVICES
           SUMMONS/SERVICE - CERTIFIED MAIL RETURN RECEIPT SERVED ON 10/14/2004
           SERVICE MADE UPON G STEVEN ROWE, AG


10/25/2004 Party(s):  MAINE DEPARTMENT OF HEALTH & HUMAN SERVICES
           RESPONSIVE PLEADING - ANSWER FILED ON 10/25/2004
           S/RENEE GUIGNARD


10/25/2004 ORDER - SCHEDULING ORDER ENTERED ON 10/25/2004
           DONALD H MARDEN , JUSTICE
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
           PARTIES/COUNSEL


10/25/2004 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 06/25/2005


10/25/2004 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 10/25/2004
           DONALD H MARDEN , JUSTICE